■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWIN PEARSON, Appellant, v. J. EDWIN LA VALLEE, as Warden of Clinton Prison, Respondent. — Appeal from an order dismissing a writ of habeas corpus which alleged the appellant was not properly advised pursuant to section 480 of the Code of Criminal Procedure. Appellant's first contention is that he was required to answer questions propounded pursuant to section 480 before being questioned as to his waiving the statutory requirement under section 472. We find this contention to be without merit. He next contends that after being charged with an information pursuant to section 1943 of the Penal Law, he should have again been questioned in accordance with section 480. The defendant was represented by counsel in all stages of the proceedings, all of which took place on the same date and in continuity and to which no objection was made by the appellant or his counsel. Under the circumstances, he was sufficiently apprised of his rights. Order unanimously affirmed.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWIN PEARSON, Appellant, v. J. EDWIN LA VALLEE, as Warden of Clinton Prison, Respondent.— Appeal from an order dismissing a writ of habeas corpus which alleged that the court had improperly examined a probation report; discussed the disposition of the case with the District Attorney and appellant's counsel and made his own investigation. The record shows that the appellant, represented by counsel, entered a plea of guilty to burglary, third degree; that he was thereafter charged by information with the commission of a prior crime, pursuant to section 1943 of the Penal Law, to which he admitted his identity and the court, before sentencing him, stated: "In view of the fact that I have had the benefit of a complete probation report prior to these proceedings, and in view of the fact that I have made my own investigation and have had the benefit of the investigation made by the District Attorney's office and have had the benefit of

discussion with counsel for the defendant, I am prepared at this time to pass sentence". No objection to this procedure, as outlined by the court, was made by the defendant or his counsel and thereafter upon motion by appellant's counsel, two additional counts in the indictment were dismissed. The appellant now contends that pursuant to sections 482, 931 and 942-a of the Code of Criminal Procedure, the court had no right to make such examinations until after he was found guilty. Section 482 reads in part that before rendering judgment or pronouncing sentence, the court shall have defendant's criminal record submitted to it and may seek any information that will aid it in determining a proper disposition of the matter and the punishment to be afforded defendant. Section 931 provides that probation officers, when directed, shall furnish the court a full investigation and report in writing and that the court shall have such information prior to sentence or adjudication. Section 942-a directs that after a person has been found guilty, and not otherwise, the District Attorney shall submit to the sentencing Judge information received from the Department of Correction and other information, but such procedure was not intended to modify, interfere with or otherwise change the system for forwarding information for the use of the court to authorized probation officers. The limitation herein imposed upon the District Attorney is, no doubt, intended to apply to a prior conviction record furnished to him by the Department of Correction, which report is also mentioned in section 482 and in that section and section 931 there is no prohibition which prevents the court from having such information at any time prior to sentencing. While there is a limitation on the District Attorney, there is none on the Probation Department. In any event, the appellant herein has no cause for complaint or claim of prejudice. There was no objection made at the time of sentencing nor was any motion made to vacate the plea of guilty or arrest the judgment. The sentence imposed by the court was the minimum for the crime charged as applied to a second offender and we find no procedural defect as claimed by the appellant which affects the jurisdiction of the court or any constitutional deprivation of his rights. (*People ex rel. McGuiness* v. *La Vallce,* 12 A D 2d 560.) Order unanimously affirmed.